LEHIGH VALLEY RAILROAD COMPANY

*v.*

JOHN E. ANDRUS.

[Decided November 19th, 1923.]

On appeal from a decree in chancery.

*Mr. Robert J. Bain,* for the Lehigh Valley Railroad Company.

*Mr. John R. Hardin* and *Mr. Edward O. Stanley, Jr.,* for the defendant below.

PER CURIAM.

The bill of complaint in this cause was filed by the railroad company for the purpose of obtaining from the court of chancery a decree fixing the amount of rent to be paid by the company to Andrus under a lease for certain lands in Bayonne, the title to which is in Andrus. The term of the lease was for a period of sixty years, beginning in 1889, and

the instrument provided for an adjustment of rents at stated periods during the running of the lease.     One of these periods began on the 5th of June, 1919, and terminated on the 5th of June, 1929, and the application to the court of chancery was for the purpose of having the rent for this period fixed by that tribunal.

The facts and circumstances which rendered necessary this application to the court of chancery are set out in our opinion, promulgated in an earlier stage of the case, and reported in *92 N. J. Eq. 238;* and the existence of jurisdiction of the court of chancery to entertain the application was affirmed by us against the challenge of the defendant.     The court of chancery, upon the case being remitted to it for further proceedings, took testimony for the purpose of determining the value of the leasehold estate and the fair annual rental for the period embraced in the litigation.     The conclusion reached by the vice-chancellor who heard the case was that, on the proofs submitted, the fair rental for the property for the period mentioned would be $48,431.25 per annum, this rental being computed on the basis of five per cent. return on the market value of the property as ascertained by him.     Both sides have appealed from the fixation of the rent by the vice-chancellor, the defendant claiming that it is too low and the complainant that it is too high.

A careful consideration of the proofs sent up with the appeals leads us to the conclusion that we should not interfere with the finding of the vice-chancellor fixing the rent at the figure above indicated.

The case discloses that within five days after the filing of the bill in the case the defendant, Andrus, brought suit against the railroad company for the use and occupation of the premises for the first three months of the term which began on June 5th, 1919; that this suit went to judgment, and that the amount of the recovery has not yet been paid by the railroad company.     This suit was based upon the following provision in the lease: "If for any cause a valid award" [by arbitrators] "fixing rentals shall not be made,

then the landlord may recover by action from time to time, at law or in equity, a fair quarterly compensation for the use and occupation of the demised premises." The learned vice-chancellor recognized the validity of this judgment, but, nevertheless, decrees that the rent fixed by the decree should be charged against the railroad company for the ten-year period beginning June 5th, 1919, and that there should be credited as a payment upon that rent the amount of the judgment which had been recovered by the landlord after said judgment should be paid. The defendant also appealed from this part of the decree, his claim being that the rent fixed by the court of chancery should not begin to run until the end of the three months' period covered by the judgment. We think his contention is sound. The parties themselves agreed by the provision of the lease just cited that the defendant should be entitled to receive for the three months' period covered by the judgment such sum as a jury should find was a reasonable compensation for the use and occupation of the demised premises during that period; and, this being so, it is immaterial whether the sum fixed by the jury is greater or less than the proportionate rent fixed by the court of chancery. The judgment fixed the amount to be paid by the tenant for the use and occupation of the premises from June 5th, 1919, to September 5th of that year, and the rent fixed by the decree of the court of chancery should not begin to run, therefore, until the latter date. If the contrary theory be adopted, then the fixing by juries at recurrent quarterly periods of the fair compensation to be paid by the tenant for the use and occupation of the premises, and the payment of the amounts thus fixed, would lack the element of finality, and could be overridden by the court of chancery in a proceeding like that before us, if that court should disagree with the several verdicts found by juries at these recurrent intervals.

Our conclusion is that the decree appealed from should be affirmed, with the modification which we have indicated, and it will be so ordered.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPEN-HEIMER, GARDNER, ACKERSON, VAN BUSKIRK—11.

*For reversal*—None.